IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REDHEADED VENTURES
LLC d/b/a B'MORE ORGANIC
*Plaintiff*

v.

Civil Action No. ELH-19-3540

TSC EMERALD VALLEY, LLC
d/b/a REYKJAVIK CREAMERY *et al.*,
*Defendants.*

**MEMORANDUM**

On October 28, 2019, plaintiff Redheaded Ventures, LLC, d/b/a B'More Organic

("B'More") filed suit in the Circuit Court for Baltimore City against defendants TSC Emerald

Valley, LLC, d/b/a Reykjavik Creamery ("TSC"); Gunnar Birgisson; and Donald Everett.  ECF 3

("Complaint").  Plaintiff alleges, *inter alia*, fraud and negligent misrepresentation in regard to a

contract dispute.  Defendants TSC and Everett removed the action to federal court on December

12, 2019.  ECF 1 ("Notice of Removal").  According to defendants, subject matter jurisdiction is

founded on diversity of citizenship.  *See id*. at 3; *see* 28 U.S.C. § 1332.

Thereafter, TSC and Everett moved to dismiss the Complaint for failure to state a claim,

under Fed. R. Civ. P. 12(b)(6), and for improper venue, under 28 U.S.C. § 1391.  ECF 9 (the

"Motion to Dismiss").  On January 3, 2020, B'More voluntarily dismissed its claim for "Innocent

Misrepresentation" (ECF 13), but it opposed the dismissal of its other claims.  ECF 14.

The same day, B'More moved to remand the suit to State court, pursuant to 28 U.S.C.

§ 1447.  ECF 11 (the "Motion to Remand").[1]  B'More correctly contends that, as an LLC, its

_____

[1] The Court notes that pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on
the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days

citizenship is determined by the citizenship of its members. *Id.* at 2 (citing *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)). B'More submits that three of its members are citizens of Pennsylvania, and therefore it is a citizen of Pennsylvania, among other states, for the purpose of diversity jurisdiction. *Id.*; *see also* ECF 11-2 (B'More's membership list).

As to the defendants, B'More points out that Everett is a Pennsylvania citizen, Birgrisson is a citizen of Iceland, and TSC is a citizen of Iceland because its sole member is Reykjavik Creamery, an Icelandic corporation. ECF 11 at 2. However, because B'More and Everett are both Pennsylvania citizens, B'More maintains that there is a lack of complete diversity of citizenship. *Id.* As result, this suit does not satisfy 28 U.S.C. § 1332, and so the Court is without subject matter jurisdiction. Therefore, B'More seeks a remand to State court for further proceedings. *Id.* at 2-3 (citing *McFadden v. Fed. Nat. Mortg. Ass'n*, 525 F. App'x 223, 233 (4th Cir. 2013)).

On January 17, 2020, TSC and Everett responded to the Motion to Remand. ECF 19. In their submission, defendants admitted that they "cannot dispute any of the statements or arguments" raised in the Motion to Remand. *Id.* Thus, defendants "concede[d] to the Plaintiff's request that this matter be remanded to the Circuit Court of Maryland for Baltimore City." *Id.* Accordingly, I shall grant plaintiff's Motion to Remand.

In the Motion to Remand, B'More asks the Court to award it legal fees and costs incurred in connection with removal, pursuant to 28 U.S.C. § 1447(c). ECF 11 at 3. Plaintiff offers no explanation as to why it is entitled to such fees.

---

after the filing of the notice of removal . . . ." *See also*, *e.g.*, *Clawson v. FedEx Ground Package Sys.*, *Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006). Here, the Notice of Removal was docketed on December 12, 2019, and plaintiff moved to remand on January 3, 2020. Therefore, the Motion to Remand is timely.

Section 1447(c) of Title 28 allows for the payment of costs and expenses incurred as a result of removal if the case is thereafter remanded to the state court.  However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

Based on the record before me, the assignment of costs is unwarranted.  Defendants' removal of the case was "objectively reasonable" and wholly proper.  Prior to removal, defendants may not have known the B'More's citizenship, which "must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).  And, B'More has provided no evidence that, prior to removing the suit to federal court, defendants were aware that some of plaintiff's members were Pennsylvanian citizens. Accordingly, I shall deny plaintiff's request for legal fees and costs.

In sum, I shall grant plaintiff's request to remand the suit.  But, I shall deny its request for fees and costs.

An Order follows, consistent with this Memorandum.


Date: May 26, 2020

/s/
Ellen Lipton Hollander
United States District Judge
